# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## NORTHERN DIVISION

RANDALL E. STARK,                          )
                                           )
      Plaintiff,                         )
                                           )
      v.                                 )      Case No. 2:12-CV-45 NAB
                                           )
MICHAEL J. ASTRUE,                         )
                                           )
      Defendant.                         )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Application for Brief in Support of Relief under the Equal Access to Justice Act Pursuant to Sentence Four Remand. Defendant has no objection to Plaintiff's request for attorney's fees in the amount requested. For the following reasons, the Court will grant Plaintiff's motion.

## I.      Factual and Procedural Background

Plaintiff Randall Stark filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the final decision of Michael Astrue, Commissioner of Social Security ("Defendant"), denying his application for disability insurance benefits and supplemental security income under the Social Security Act, 42 U.S.C. §§ 401-435, 1381-1383b. On October 9, 2012, Defendant filed a Motion to Remand requesting that the Court reverse the decision of the Administrative Law Judge and remand the case to the Commissioner pursuant to 42 U.S.C. § 405(g). The Court issued a Memorandum and Order granting Defendant's Motion to Remand and a Final Judgment and Order of Remand pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff filed his application for attorney's fees on November 12, 2012.

1

**II.     Standard**

"A court shall award to a prevailing party. . . fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).  A party seeking an award of fees and other expenses must (1) submit to the court an application for fees and other expenses which shows that the party is a prevailing party and eligible to receive an award; (2) provide the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed; (3) allege that the position of the United States was not substantially justified, and (4) make the application within thirty days of final judgment of the action. 28 U.S.C. § 2412(d)(1)(B).  The determination of whether the position of the United States was substantially justified shall be determined on the basis of the record made in the action for which the fees are sought. *Id.* "In sentence four remand cases, the filing period begins after the final judgment ("affirming, modifying, or reversing") is entered by the Court and the appeal period has run so that the judgment is no longer appealable." *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991) (citing 28 U.S.C. § 2412(d)(2)(f) ("Final judgment means a judgment that is final and not appealable." )).

"It is well-settled that in order to be a prevailing party for EAJA purposes, plaintiff must have received some, but not necessarily all, of the benefits originally sought in his action." *Stanfield v. Apfel*, 985 F.Supp. 927, 929 (E.D. Mo. 1997) (*citing Swedberg v. Bowen*, 804 F.2d 432, 434 (8th Cir.1986)).  Obtaining a sentence four judgment reversing the Secretary's denial of benefits is sufficient to confer prevailing party status. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).

**III.      Discussion**

The Court finds that Plaintiff has demonstrated that an award of attorney's fees under the EAJA is appropriate in this matter.  First, Plaintiff is a prevailing party in this action as he has obtained a reversal of the Commissioner's denial of his application for benefits.  *See* Jud. of October 23, 2012.  [Doc. 18].

Second, Plaintiff's application for attorney fees is reasonable.  Plaintiff requests fees in the amount of $1,818.00 at an hourly rate of $180.00 per hour and includes an itemized statement from his attorney stating the actual time expended and the rate at which the attorney's fees were computed.  The EAJA sets a statutory limit on the amount of fees awarded to counsel at $125.00 per hour, "unless the court determines that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii).  "In determining a reasonable attorney's fee, the court will in each case consider the following factors:  time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved." *Richardson-Ward v. Astrue*, 2009 WL1616701, No. 4:07-CV-1171 JCH at *1 (E.D. Mo. June 9, 2009).  "The decision to increase the hourly rate is at the discretion of the district court."  *Id.* at *2. "Where, as here, an EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [$125.00] per hour, enhanced fees should be awarded." *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990).

Plaintiff's counsel submitted evidence from the U.S. Department of Labor detailing the change in the cost of living from 1986 when the $125.00 hourly limitation became effective until 2012.  Defendant does not contest the hourly rate, the total fee request, or the number of hours

itemized in the invoice. Upon consideration of these facts, the Court finds that the hourly rate, number of hours expended, and the total fee request is reasonable. Third, as alleged by Plaintiff, the Court finds that the Defendant's position was not substantially justified. Finally, Plaintiff's application fee was timely filed. Therefore, the Court will award Plaintiff $1,818.00 in attorney's fees.

Awards of attorney fees to the prevailing party under the EAJA are "subject to [g]overnment offset to satisfy a pre-existing debt that the litigant owes the United States." *Astrue v. Ratcliff*, 130 S. Ct. 2521, 2524 (2010). Any award for attorney's fees must be subject to any government offset. Therefore, the Court will direct the Commissioner to make Plaintiff's attorney's fee award payable to Plaintiff, subject to any pre-existing debt Plaintiff owes to the United States.

## IV.    Conclusion

Based on the foregoing, the Court will award Plaintiff attorney's fees in the amount requested.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application for Brief in Support of Relief under the Equal Access to Justice Act Pursuant to Sentence Four Remand is **GRANTED**. [Doc. 19]

**IT IS FURTHER ORDERED** that Defendant Michael J. Astrue, Commissioner of Social Security, shall remit to Plaintiff attorney's fees in the amount of $1,818.00, subject to any pre-existing debt that Plaintiff owes to the United States.

Dated this <u>29th </u>day of November, 2012.


<u>     /s/ Nannette A. Baker            </u>
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE